```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF INDIANA
            SOUTH BEND DIVISION
```

```
RADAMES HENDRIX,              )
                              )
Plaintiff,                    )
                              )
vs.                           )    NO. 3:12-CV-402
                              )
CITY OF MICHIGAN CITY,        )
et. al.,                      )
                              )
Defendants.                   )
```

## OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss, filed by Defendants, City of Michigan City ("City"), Indiana and the Michigan City Police Department ("MCPD"). For the reasons set forth below, the motion to dismiss is **GRANTED**. Accordingly, all claims against the MCPD are **DISMISSED**. Further, all federal claims against the City for municipal liability, malicious prosecution, and false arrest are **DISMISSED**. Plaintiff is afforded leave up to and including May 31, 2013, in which to file an amended complaint consistent with this order.

BACKGROUND

Accordingly to the allegations of the complaint, on July 29, 2010, Plaintiff Radames Hendrix ("Hendrix") was arrested and

-1-

subsequently incarcerated for sixty-one days. (Complaint ¶ 6, 8, 12). Hendrix alleges that his arrest and incarceration were pursuant to a warrant and federal indictment charging him with being a felon in possession of a firearm. (Id. at 8). However, Hendrix then alleges that the warrant was based upon "false, fictitious, and misleading information" supplied by the MCPD because he was not a convicted felon at the time of his arrest. (Id. at 9). Hendrix further alleges that the warrant was therefore baseless, and that the MCPD and the United States Drug Enforcement Agency ("USDEA") "showed reckless disregard for the truth in supplying information to the proper authorities in order to obtain false charges" against Hendrix. (Id. at 10). Hendrix asserts that he "was taken into custody and interrogated without an attorney present, despite his request to have an attorney present." (Id. at 11).

Hendrix filed his complaint on July 26, 2012, claiming that his rights under the Fourth and Fourteenth Amendments to the United States Constitution were violated. (Id. at 15-16). Specifically, Hendrix asserts that he was falsely arrested, maliciously prosecuted, and interrogated without an attorney present despite his requests to have an attorney present. (Id.). In addition, Hendrix seeks redress under Indiana state law for negligent enforcement of a law, false arrest, and false imprisonment. (Id. at 17).

In the instant motion to dismiss, Defendants seek to dismiss all federal claims against them. MCPD also seeks dismissal of all state law claims against it. The City has answered the complaint as it relates to state law claims against it, and therefore did not address them in their motion to dismiss.

DISCUSSION

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all facts alleged in the complaint as true, and draw all reasonable inferences in the light most favorable to the plaintiff. *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001). A complaint is not required to contain detailed factual allegations, however, the plaintiff must allege facts that state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). It is not enough that there might be some conceivable set of facts that entitle the plaintiff to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553 (2007). The plaintiff's obligation "requires more than labels and conclusions..." *Id.* The Supreme Court has provided that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Further, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79.

All Claims Against the MCPD

Local government liability under Section 1983 is determined through a state law inquiry. *McMillian v. Monroe County*, 520 U.S. 781, 786 (1997). Under Indiana law, a municipal police department, such as MCPD, is not a suable entity. *Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2001). Another way of pleading an action against such entities is to sue an agent of the entity in their official capacity. *Id.*

As Plaintiff himself concedes, the "language from *Sow* has been accepted without question among many district courts within the Seventh Circuit." (Pl.'s Resp. 1). However, he argues that he has nevertheless named the MCPD as defendant in this suit because he is "not privy to information that would aid him in identifying and/or isolating the particular officers who engaged in the conduct..." (Id. at 2). He then supports his position by stating that he is "streamlining the proceedings" by not naming every officer in the MCPD. *Id.* The law however remains unchanged. MCPD is not a suable entity. As such, all claims against the MCPD must be dismissed.

*Monell* claim against the City

Municipal liability cannot be established under Title 18 section 1983 on a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs. Of the City of New York,* 436 U.S. 658, 691 (1978). For

a municipality to be liable under section 1983, a plaintiff must show one of the following: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law causes a constitutional deprivation; or (3) that the constitutional deprivation was caused by a person with final policymaking authority. *Phelan v. Cook County*, 463 F.3d 773, 789 (7th Cir. 2006) (quoting *Roach v. City of Evansville*, 111 F.3d 544, 548 (7th Cir. 1997); Montano *v. City of Chicago*, 535 F.3d 558, 570 (7th Cir. 2008).

As discussed above, to meet the standard set forth by *Iqbal* and *Twombly*, the plaintiff must provide something more than merely conclusory statements. However, the Supreme Court has also noted in *Leatherman* that there is no heightened pleading standard under the Federal Rules in cases alleging municipal liability under § 1983. *Leatherman v. Tarrant Cty.*, 507 U.S. 163, 168 (1993). *Iqbal* provides that:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Iqbal*, 556 U.S. at 678 (internal citations omitted).

Here, the Plaintiff argues that his complaint put the Defendants "on notice as to the circumstances that gave rise to his claims..." (Pl. Resp. 5). However, his response brief still provides additional allegations in an attempt to comply with the standards discussed *supra*. (Id. at 5-6). Plaintiff essentially asks for permission to amend his complaint (although he has not filed a motion to do so) while also admitting that his allegations are conclusory. (*See* id. at 7, stating, "[t]hese allegations, although admittedly conclusory..." ).

The Court agrees with both parties that the allegations, both in the complaint and in the Plaintiff's response, are conclusory in nature. *Iqbal* unequivocally states that Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79.

The Court finds that the Plaintiff has alleged conclusory statements, and the Defendants are entitled to dismissal of the claims related to municipal liability under section 1983.

<u>Malicious Prosecution</u>

Plaintiff Hendrix next asserts that his civil rights under the Fourth and Fourteenth Amendments were violated as a result of the City's malicious prosecution of him. Seventh Circuit precedent is clear, however, that an action for malicious prosecution under

section 1983 will not be permitted if a state remedy exists. *Newsome v. McCabe,* 256 F.3d 747, 751 (7th Cir. 2001); *Ray v. City of Chicago,* 629 F.3d 660, 664 (7th Cir. 2011); *Parish v. City of Chicago*, 594 F.3d 551, 552 (7th Cir. 2009). Indiana recognizes malicious prosecution claims under state law; effectively barring the Plaintiff's claim under Seventh Circuit precedent. *Golden Years Homestead, Inc. v. Buckland,* 557 F.3d 457, 462 (7th Cir. 2009); *Glass v. Trump Indiana, Inc.,* 802 N.E.2d 461, 466-467 (Ind. App. 2004); *Vidal v. Cassidy*, 2012 WL 3867102, at *5 (S.D. Ind.). This would perhaps explain why the Plaintiff did not address the malicious prosecution claim in his response to the Defendants' motion to dismiss.

Although there is a split among the circuits as to the availability and pleading requirements for malicious prosecution claims, the Seventh Circuit position is clear. Because Indiana state law recognizes claims for malicious prosecution, the Plaintiff's claim against the City must be dismissed.

<u>False Arrest</u>

As discussed above, Plaintiff has not stated a claim for relief under *Monell* to establish municipal liability, as Plaintiff has not met the pleading requirements set forth in *Iqbal*. However, the Court has noted that Plaintiff has the opportunity to amend his

complaint.  Therefore, the Court will continue with the analysis of the current motion to dismiss in full.

To the extent that Paragraph 15 of the complaint can be interpreted to include a claim for false arrest under the Fourth and Fourteenth Amendments to the United States Constitution, Defendants have moved to dismiss such claims arising under the Fourteenth Amendment.  Defendants' position rests on the premise that the Fourth Amendment, and not Fourteenth Amendment applies to the false arrest claim.

The Seventh Circuit precedent establishes that the Fourth Amendment controls the period of confinement between arrest without a warrant and the preliminary hearing determining probable cause. *Armstrong v. Squadrito*, 152 F.3d 564, 569 (7th Cir. 1998); *Villanova v. Abrams*, 972 F.2d 792, 797 (7th Cir. 1992).  The Due Process Clause of the Fourteenth Amendment controls the period of confinement after the initial determination of probable cause. *See Villanova*, 972 F.2d at 797 (stating that "the protections of the Fourth Amendment apply at arrest and through the *Gerstein* probable cause hearing, due process principles govern a pretrial detainee's conditions of confinement after the judicial determination of probable cause...").

The Plaintiff provides two positions in response to the motion to dismiss.  First, that this issue would require the Court to engage in a "lengthy analysis" to determine the merits of

Plaintiff's claims. (Pl. Resp. 7). This is incorrect. The determination of whether claims should be adjudicated under the Fourth or Fourteenth amendment is a matter of law to be determined by the Court and Seventh Circuit precedent on the issue is clear. Second, that the issue would be moot if he has the ability to amend his pleading. *Id.* Third, that this would better be addressed in a motion for summary judgment. *Id.* Plaintiff does have an opportunity to provide an amended pleading to bring this claim within the purview of *Iqbal* and *Twombley*, allowing it to be heard. However, Plaintiff provides no argument, legal or otherwise, that the false arrest claim should be adjudicated under the Fourth and Fourteenth Amendment.

The false arrest claim stems from Plaintiff's initial arrest on July 29, 2010, which undoubtedly occurred prior to his *Gerstein* hearing. Therefore, the Court agrees with Defendants that the proper adjudication for the false arrest claim would be under the Fourth Amendment, and not the Fourteenth Amendment.

CONCLUSION

For the reasons set forth above, the motion to dismiss is **GRANTED**. Accordingly, all claims against the MCPD are **DISMISSED**. Further, all federal claims against the City for municipal liability, malicious prosecution, and false arrest are **DISMISSED**.

Plaintiff is afforded leave up to and including May 31, 2013, in which to file an amended complaint consistent with this order.

DATED:  May 3, 2013            /s/RUDY LOZANO, Judge
                               **United States District Court**