```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION
```

```
RADAMES HENDRIX,              )
                              )
    Plaintiff,                )
                              )
    VS.                       )
                              )   No. 3:12-CV-402
CITY OF MICHIGAN CITY,        )
IN.,et al.,                   )
                              )
    Defendants.               )
```

## OPINION AND ORDER

This matter is before the Court on Defendants, City of Michigan City, Indiana's; Det. Marty Corley's; Cpl. Ken Drake's; and Det. Al Schultz's Motion for Partial Dismissal, filed June 21, 2013. For the reasons set forth below, the partial motion to dismiss is **GRANTED.**

BACKGROUND

On July 29, 2010, Hendrix was arrested and incarcerated by the Michigan City Police Department. (DE #27). The arrest occurred as part of a multi-jurisdictional drug task force with officers from both the Michigan City Police Department and the United States Drug Enforcement Agency ("USDEA"). (DE #27). Hendrix was charged with being a felon in possession of a handgun. (DE #27).

Following his arrest, Hendrix alleges that he was subjected to interrogation without an attorney despite requesting one multiple times. He was then incarcerated in a federal detention facility for sixty-one days without bond. (DE #27). The charge against Hendrix was based on incorrect information used to secure a warrant for his arrest; Hendrix's prior felony conviction was reduced to a misdemeanor offense and occurred more than fifteen years prior. (DE #27). Upon learning of the mistake, the United States Attorney moved to dismiss the federal charges against Hendrix and he was released from custody. (DE #27).

Hendrix brought a §1983 claim against the city of Michigan City and the individual police officers, in their official capacities, who were part of the task force that arrested him. Hendrix alleges that "[i]t is the common and widespread practice of such a task force to be assembled for the purpose of compiling and evaluating mass quantities of information regarding suspected drug activity in a given area, and subsequently performing large-scale 'warrant sweeps' for the purpose of apprehending suspected offenders." (Am. Cmplt ¶ 12). This practice caused Hendrix to be taken into custody and detained pursuant to a warrant that was based on false statements regarding his status as a convicted felon. (Am. Cmplt ¶ 13).

Although not stated in the Amended Complaint, Hendrix argues in his response to the partial motion to dismiss that the alleged

2

widespread use of the multi-jurisdictional task force was sufficient to establish a custom or practice to support a claim against Michigan City through the actions of the Police Department. (DE #44).

Defendants have filed the instant motion requesting dismissal of the federal claims against the officers in their individual capacity as well as the federal claims against Michigan City.  Defendants argue that the claims against the officers should be dismissed because they are redundant of those against Michigan City.  And, Defendants seek dismissal of the section 1983 claim against Michigan City, arguing that the Amended Complaint fails to allege a policy or custom which caused the alleged harm.

DISCUSSION

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of the complaint. *See Triad Assoc., Inc. v. Chicago Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). The recognized standard for reviewing the grant of a motion to dismiss for failure to state a claim is whether "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).  When ruling on a motion to dismiss for failure to state a claim, the court accepts all well-

pleaded allegations to be true and all reasonable inferences in the nonmoving party's favor. *Reed v. City of Chicago,* 77 F.3d 1049, 1051 (7th Cir. 1996). However, the courts are not compelled to accept conclusory allegations concerning the legal effect of facts set out in the complaint. *Baxter v. Vigo County School Corp.,* 26 F.3d 728, 730 (7th Cir. 1994).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). A complaint must include "enough facts to state a claim to relief that is plausible on its face." *Khorrami v. Rolince,* 539 F.3d 782, 788 (7th Cir. 2008), *quoting Bell Atlantic Corp. v. Twombly* 550 U.S. 544, 547 (2007). While detailed factual allegations are not required ... the plaintiff must allege facts that, when "accepted as true, state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

<u>Claims against officers in their individual capacity are dismissed because they are redundant to the claims against Michigan City.</u>

In support of their motion to dismiss, Defendants first argue that the section 1983 claims against the individual police officers in their official capacities are redundant and improper. (DE #37). It is widely accepted that claims against an officer are a legal action against the city or county government and such claims should be dismissed as redundant and unnecessary when the city or municipality is a properly named defendant. *See Kentucky v. Graham,* 473 U.S. 159, 165 (1985); *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007). Hendrix does not dispute that naming the officers as Defendants in their official capacity is redundant and unnecessary in this instance. Accordingly, all claims against the individual police officers in their official capacity shall be dismissed.

<u>Hendrix's Section 1983 claim against Michigan City must be dismissed because the Amended Complaint fails to state a claim.</u>

The Defendants next argue that Hendrix's claims against Michigan City must be dismissed for failure to state a claim. In order to maintain a § 1983 claim against a municipal entity, a plaintiff must demonstrate that his constitutional rights were violated by some official policy or custom. *Monell v. Department of Social Services,* 436 U.S. 658, 694 (1978). A plaintiff may

5

establish the existence of official policy or custom by showing: (1) the existence of an expressed municipal policy that caused the alleged violation of his constitutional rights; (2) establishing that the person who committed the constitutional tort was an official with policy making authority; or (3) establishing the existence of pattern, practice or custom so widespread or persistent that it rises to a level of a policy which can be fairly attributed to the municipality. *Baxter,* 26 F.3d at 735.

Furthermore, a plaintiff must establish that the policy was a "moving force" behind the injuries alleged. *Board of County Commissioners of Bryan County, Oklahoma v. Brown,* 520 U.S. 397, 411 (1997). Unless there is an unconstitutional policy that causes the injury, there cannot be municipal liability. *City of Canton, Ohio v. Harris,* 489 U.S. 378, 389 (1989). Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell. City of Oklahoma City v. Tuttle,* 471 U.S. 808, 824 (1985).

Here, Hendrix has failed to adequately state a claim upon which relief may be granted because the Amended Complaint does not demonstrate that his constitutional rights were violated by an official policy or custom, or that the policy was a "moving force" behind the injuries alleged. Upon closer examination, the Amended Complaint fails to allege factual support for any of the

6

three *Monell* factors. Plaintiff provides no indication that the injury was caused by an individual who was an official with policy-making authority. Nor does plaintiff provide any evidence of an official municipal policy that resulted in the injury to the plaintiff.

Furthermore, Plaintiff's contention that the use of the multi-jurisdictional task force is the means by which the injury was caused also fails to establish that a pattern, practice or custom existed that was so widespread or persistent as to rise to a level of a policy which can be fairly attributed to the municipality. There is nothing in the law that states that multi-jurisdictional task forces, used to conduct warrant sweeps and drug raids, is an unconstitutional means of carrying out the law. The plaintiff's allegations only speak to a single instance of misconduct on the part of the Michigan City police officers that resulted in potential harm to him. However, this single instance is insufficient to demonstrate that a widespread pattern or practice existed that created a policy to put the city on notice of the improper conduct. A single instance of faulty training or wrongdoing on the part of individual officers is not enough to establish municipal liability. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986); *Canton,* 489 U.S. at 392. As Hendrix did not adequately allege any instance of deliberate indifference on the part of the city to any known or obvious

consequences of the use of the multi-jurisdictional task forces, he did not properly state a claim upon which relief may be granted[1].

Therefore, because Hendrix's Amended Complaint fails to allege any facts in support of any of the three *Monell* factors, as well lacks evidence to support municipal liability, the Amended Complaint has not adequately stated a claim upon which relief may be granted.

CONCLUSION

For the reasons set forth above, the partial motion to dismiss is **GRANTED**.

**DATED:  February 5, 2014**                    **/s/RUDY LOZANO, Judge**
                                                **United States District Court**

---

[1] Hendrix attempts to avoid this conclusion by relying heavily on Judge Hamilton's dissent in *McCauley v. City of Chicago*, 671 F.3d 611, 623 (7th Cir. 2011). In fact, that is the only argument Plaintiff pursues. However, as subordinate court, it is this Court's duty to apply the law of the Circuit. The law of the Circuit is the majority opinion in *McCauley*, not Judge Hamilton's dissent.