# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| RADAMES HENDRIX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:12-CV-402-RL-CAN |
| | ) | |
| CITY OF MICHIGAN CITY, INDIANA, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Because of Plaintiff's failure to comply with two of this Court's orders and lack of participation in this case, the undersigned now recommends that this case be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

On October 24, 2014, this Court denied Defendant's motion to dismiss this action because Plaintiff had "regained contact with his counsel and the parties '[had] engaged in meaningful settlement discussions.'" Doc. No. 52 at 4. Yet that contact apparently was short-lived. On November 24, 2014, Defendant filed a motion for an order to show cause informing the Court that Plaintiff had failed to provide discovery responses and that Plaintiff's counsel had indicated that his attempts to establish communication with Plaintiff had failed. Plaintiff's counsel confirmed his inability to communicate with Plaintiff in his motion to withdraw his appearance also filed on November 24, 2014.

In its order granting Defendant's motion for an order to show cause, the Court afforded Plaintiff until December 22, 2014, to show cause why his case should not be dismissed for failure to prosecute. [Doc. No. 55]. The Court specifically cautioned Plaintiff that failure to respond to the order would result in dismissal of the case without further notice. As of this date,

1

Plaintiff has filed nothing in response to the Court's order.

The undersigned then held a hearing on January 7, 2015, regarding Plaintiff's counsel's motion to withdraw his appearance. The undersigned had ordered counsel for both parties as well as Plaintiff himself to appear personally. Doc. No 56 at 1. Plaintiff did not appear. The undersigned then granted Plaintiff's counsel's motion to withdraw finding that Plaintiff had had no contact with his counsel since September 2014. Doc. No. 59 at 1. The undersigned then afforded Plaintiff until January 22, 2015, to file a notice of his intention to proceed in this case with representation or without reminding Plaintiff once again that failure to respond could result in dismissal of this lawsuit. *Id.* As of this date, Plaintiff has filed nothing in response to either of this Court's orders, did not communicate at all with his attorney between September 2014 and January 7, 2015, and has not participated in this lawsuit since September.

Under Fed. R. Civ. P. 41(b), a plaintiff's case may be dismissed for failure to prosecute his claim or to comply with court orders. In light of Plaintiff failure to comply with two of this Court's orders and lack of participation in this case since September 2014, this Court is left with no explanation for Plaintiff's inaction. Without any written documentation that Plaintiff intends to continue prosecuting his case, the undersigned can only assume that Plaintiff has abandoned his case. Consequently, for the aforementioned reasons, the undersigned **RECOMMENDS** that Plaintiff's case be **DISMISSED WITHOUT PREJUDICE**.

> **NOTICE IS HEREBY GIVEN that within fourteen (14) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.**

**SO ORDERED.**

Dated this 4th day of February, 2015.

                                        <u>s/Christopher A Nuechterlein</u>
                                        Christopher A. Nuechterlein
                                        United States Magistrate Judge